Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ruben Castillo | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 4616 | **DATE** | 8/9/2000 |
| **CASE TITLE** | Robert C. Krueger vs. Pinkerton Security & Investigation | | |

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**MOTION:**

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ General Rule 21  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Order. This case is dismissed without prejudice. Plaintiff given until October 10, 2000 to file an amended complaint.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | AUG 10 2000 | |
| | Notified counsel by telephone. | date docketed | 2 |
| ✓ | Docketing to mail notices. | docketing deputy initials | |
| | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | ED-7 FILED FOR DOCKETING 00 AUG -9 PM 2:43 | date mailed notice |
| RO | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ROBERT C. KRUEGER, | ) |
| | ) |
| Plaintiff, | ) No. 00 C 4616 |
| | ) |
| v. | ) Judge Ruben Castillo |
| | ) |
| PINKERTON SECURITY & | ) |
| INVESTIGATION SERVICES, TRANS | ) |
| UNION, L.L.C. and PAIGE PERSONNEL, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

This Court has completed its initial review of Krueger's recently filed complaint and dismisses it, without prejudice, for the following reasons. Counts I and II contain federal claims and are the immediate focus of this Court's attention. We dismiss Count I for failure to state a claim. We dismiss Count II for inadequate pleading.

First, Count I does not state a cause of action against Pinkerton, because the Fair Credit Reporting Act ("FCRA") provisions allegedly violated are not even potentially applicable to Pinkerton. The statutory sections at issue impose civil liability only on credit reporting agencies ("CRA"), as that term is defined by the FCRA. Krueger has not alleged that Pinkerton qualifies as a CRA, and his complaint strongly suggests that Pinkerton, instead, is merely a user of consumer reports. Thus, we dismiss Count I of the complaint for failure to state a claim.

In comparison, Count II seems to sufficiently state a cause of action. Krueger has adequately alleged that Trans Union, a CRA, "[f]ailed to follow reasonable procedures to assure [sic] maximum possible accuracy of the information concerning Mr. Krueger in violation of 15 U.S.C. § 1681e," and "[f]ailed to maintain strict procedures designed to insure [sic] that

whenever this public record information which is likely to have an adverse affect [sic] on the consumer's ability to obtain employment is reported, that such information is complete and up-to-date," in violation of 15 U.S.C. § 1681k (R. 1, Compl. at 13-14.)

The third statutory provision cited in Count II, 15 U.S.C. § 1681c, however, gives us pause. Subsection (a) of section 1681c generally prohibits the reporting of certain categories of obsolete information, such as records of arrest which "antedate the report by more than seven years." In this case, only the misdemeanor arrests from 1986 and 1990, erroneously identified in Krueger's credit report, qualify as "obsolete" under the statute. The 1996 misdemeanor arrest, however, is still within the seven year period. More importantly, because the misdemeanor arrests were erroneously reported as Krueger's, we are not convinced that § 1681c, concerning obsolete information, applies to these facts. We have found only two district court cases from other circuits that consider whether a plaintiff who has incorrect information reported by a CRA can recover under § 1681c. In *Moore v. Beneficial Nat'l Bank*, 876 F. Supp. 1247, 1260 (M.D. Ala. 1995), the court explained that § 1681c "does not provide that a consumer can sue for the inclusion of information known to be incorrect, rather it provides liability for consumer reporting agencies which issue consumer reports containing stale information." In *Moore*, in contrast to this case, the erroneous information was not yet obsolete, and it is not clear whether the *Moore* plaintiff could have sued under § 1681c if the erroneous information had also been stale. Similarly in *Wiggins*, the court stated that "[t]he criminal conviction reported in this case, although inaccurate, is not 'obsolete' within the meaning of [section 1681c], and therefore this section has no application." *Wiggins v. Equifax Servs., Inc.*, 848 F. Supp. 213, 220 (D.D.C. 1993). Again, the *Wiggins* court does not make clear whether providing erroneous information that is also stale violates § 1681c. In Krueger's amended complaint, we ask that he make clear

the applicability of § 1681c to the facts in this case.

Krueger's complaint is dismissed without prejudice and with leave to file an amended complaint within sixty days. The parties are requested to exhaust all settlement possibility for this lawsuit prior to Krueger's filing of his amended complaint.

**Entered:**

/s/ Ruben Castillo

**Judge Ruben Castillo**
**United States District Court**

**August 9, 2000**